## Petrillo, Guardian, v. Hanley, Administrator

*E. E. Petrillo*, for plaintiff.

*S. Y. Rossiter*, for defendant.

HIRT, P. J., November 4, 1936.—This is a case stated, before the court on the following admitted facts:

Samuel C. Weed, on July 18, 1936, killed his wife, Irene M. Weed, and his two minor children, Charles Henry Weed and David Edgar Weed. When these acts were committed he was insane and has since been committed to the Farview State Hospital, at Farview, Pa. David Edgar Weed was insured with the Prudential Life Insurance Company in the amount of $482.25. The proceeds of this insurance were paid by the company to defendant, administrator of the estate of said decedent. It is admitted that if Samuel C. Weed, the father, is not barred

from participating in the estate of his son, consisting wholly of the proceeds of this life insurance policy, judgment shall be entered in favor of plaintiff in the sum of $142.25, otherwise in favor of defendant.

One who is guilty of the felonious killing of an assured cannot profit by his felonious act: Petrillo et al. v. Sampieri, 16 Erie 359. However, it is only a felonious killing that will bar recovery of the proceeds of insurance on the life of a deceased. Under the common law, where any person of sound memory and discretion unlawfully killeth any reasonable creature in being, and under the peace of the Commonwealth, with malice aforethought, either express or implied, this is murder. And in this State it is only by the common law that murder is defined: Commonwealth v. Exler, 243 Pa. 155. Since it is admitted that Samuel C. Weed was insane at the time of the homicide, he was not guilty of a felonious killing, for at the time he was not a "person of sound memory and discretion." We are therefore of the opinion that he is entitled to recover from the estate of his son under the intestate law.

Accordingly, now to wit, November 4, 1936, judgment is directed to be entered in favor of plaintiff and against defendant in the sum of $142.25.